UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN L. DOHANYOS,

        Plaintiff,

vs.

Case No. 06-CV-13056

HON. GEORGE CARAM STEEH

COUNTY OF OAKLAND,
THOMAS R. EATON,
MARTY ALVIN, WILLIAM BARTLAM,
LISA LANGTON, KEVIN OEFFNER,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Jean L. Dohanyos has filed a motion for reconsideration of this court's order granting defendants' motion for summary judgment. Local Rule 7.1(g)(3) sets forth the standard for granting a motion for reconsideration. Rule 7.1(g)(3) provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Dohanyos has failed to show a palpable defect by which this Court has been misled.

Dohanyos argues that this Court erred in granting summary judgment for defendants on her violation of due process claim. She argues that the rule of the Personnel Appeal Board (PAB) that a litigant must give seven days notice of counsel's name is per se unconstitutional, or that the rule was unconstitutional as applied to her

since seven days before the hearing, she received a voluminous set of exhibits and learned that her ultimate supervisor, Judge James Alexander, would testify against her. She claims that these disclosures convinced her to hire counsel, but when she requested an adjournment to allow her to do so, the PAB denied her request. Although plaintiff appeared with counsel Sam Morgan at the PAB hearing, plaintiff has submitted a new affidavit in support of her motion for reconsideration which states that Morgan was not allowed to speak to the Board, nor to participate in the examination or cross-examination of witnesses. This fact was not made clear to this court when it entered its initial order dismissing her due process claim. However, after duly considering this fact, the Court is not persuaded that a palpable defect exists which would require a different outcome.

In her affidavit, Dohonyos states that she was notified of the March PAB hearing in January of 2006. At that time, she consulted with attorney David Kotzian to determine if she should hire counsel and he advised her against it. Acting on his advice, she decided to appear pro se.

Dohonyos argues that the PAB rule that required her to submit the name of her counsel seven days prior to the hearing serves no purpose other than to impede her ability to have counsel present. She argues that requiring that counsel be named prior to the hearing is distinguishable from requiring that witness and exhibit lists be exchanged prior to the hearing, as those exchanges are designed to reduce the likelihood of surprise and unfair prejudice resulting from "ambush litigation tactics." In its prior order, this court noted that requiring notice of counsel within seven days of the PAB hearing was simply a "housekeeping matter," and that seven days time was not unreasonable. Dohonyos admits that she knew of the PAB hearing several months before it was to take

place and that she knew of her right to counsel. It also appears that she knew that she needed to notify the PAB of her choice of counsel within seven days of the hearing. Dohonyos is an attorney herself and she has not shown that any prejudice resulted from her appearing pro se. Moreover, Dohonyos agreed to dismiss the PAB and its members from this lawsuit so it is unclear how the due process claim applies against the County of Oakland and individual defendants: Thomas Eaton (Deputy Director of Human Resources for Oakland County), Marty Alvin (Supervising Referee and her supervisor), William Bartlam (Deputy Court Administrator and Manager Judicial Support and Alvin's supervisor), Lisa Langton (Family Division Administrator and Bartlam's supervisor) and Kevin Oeffner (Circuit Court Administrator for Oakland County Circuit Court). Finally, it is unclear if Dohonyos has a constitutional right to have an attorney present at a suspension hearing as opposed to a termination hearing. Dohonyos does not dispute that she received a statement of the charges against her at the suspension hearing and was given the opportunity to give her side of the story during the three-day hearing.

There also is no dispute that plaintiff had counsel present at her termination hearing. In fact, she had two attorneys present at the termination hearing. Given these facts, the Court does not find any palpable error by which this Court has been misled. Accordingly, Dohonyos' motion for reconsideration with respect to her due process claim must be denied.

Secondly, plaintiff argues that this court erred when it dismissed her religious discrimination claim. Plaintiff merely reiterates arguments which this court has already considered and rejected.

In conclusion, plaintiff's motion for reconsideration hereby is DENIED.

3

SO ORDERED.

Dated: April 14, 2008

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 14, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

4